924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Romall H. SMITH, Petitioner-Appellant,
v.
Eric C. DAHLBERG, Warden, Respondent-Appellee.
 No. 90-3466.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Romall H. Smith was indicted on one count of burglary with a prior felony specification. He left Ohio and, in 1988, he was arrested in California, returned to Ohio, and indicted on one count of failure to appear. Following a jury trial, Smith was convicted of the separate charges. He was sentenced to serve a term of eleven to fifteen years for the burglary and a consecutive term of one to five years for the failure to appear.
 
 
 4
 The Ohio Court of Appeals for the Ninth Appellate District affirmed the convictions. The Ohio Supreme Court denied Smith's motion for leave to appeal.
 
 
 5
 In his application for a writ of habeas corpus, Smith identified seven grounds for relief: (1) the prejudicial joinder of the charges in a single trial; (2) the improper admission of an inculpatory statement; (3) an improper in-court identification; (4) improper admission of testimony by the court reporter; (5) inadequate jury instructions; (6) insufficient evidence to support the convictions; and (7) an improperly enhanced sentence.
 
 
 6
 The matter was referred to a magistrate who determined that an evidentiary hearing was not necessary and that Smith was not entitled to relief under 28 U.S.C. Sec. 2254. The magistrate recommended that the petition be denied. Upon de novo review in light of Smith's objections, the district court adopted the magistrate's report and dismissed the petition.
 
 
 7
 On appeal, Smith seeks review of his first four grounds for relief. Upon review, we conclude that the petition was properly dismissed.
 
 
 8
 First, Smith was not unduly prejudiced by the joinder of the offenses. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). The joinder was permissive and subject to the court's discretion. Second, the district court properly considered the totality of the circumstances, including Smith's background, education and experience, when determining whether he waived his fifth amendment rights. See Oregon v. Bradshaw, 462 U.S. 1039, 1046 (1983). Third, the show-up identification, although only involving the defendant, was nonetheless reliable and did not impermissibly taint the in-court identification. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Fourth, the alleged error regarding the admissibility of evidence implicates a matter of state law and is not cognizable in a petition filed under 28 U.S.C. Sec. 2254, unless the error rendered the trial fundamentally unfair. See Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir.1984), cert. denied, 470 U.S. 1050 (1985). Smith's assertion that the entire courthouse was against him does not establish that he was denied a fundamentally fair trial.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation